UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. MILLS,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT W. FOX, Warden,[1]<br><br>    Respondent. | No. 2:17-cv-0510 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner housed at California Medical Facility ("CMF") in Vacaville, California, is proceeding pro se and has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that the "California Prison" imposed an "illegal enhancement," presumably by miscalculating his release date. He also claims he is being denied the opportunity to review his central file, which he asserts will show evidence of his illegal detention.

Respondent moves to dismiss the petition on the grounds that petitioner failed to exhaust his state judicial remedies and fails to state a cognizable federal habeas claim. Petitioner has not filed an opposition, and the time for filing one has now passed.

---

[1] Robert W. Fox, current warden of California Medical Facility in Vacaville, California, where petitioner is housed, is substituted as respondent. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

## I. Relevant Background

### A. Petitioner's Claims

Petitioner initiated this action on March 9, 2017, asserting two claims: (1) prison authorities have miscalculated his release date following on a "2001" conviction for "aggravated mayhem" and (2) he is being denied access to his central file.

### B. Petitioner's Conviction

It appears petitioner incurred the conviction underlying this case in 2005 and, following an appeal to the California Court of Appeal, the abstract of judgment was modified to reflect a conviction for "mayhem" only. See Resp.'s Mot. Dism. ("MTD") Ex. 3 (ECF No. 15-1 at 15-19); Fed. R. Evid. 201. Petitioner was sentenced to a term of 16 years with an additional 5 year-enhancement pursuant to California Penal Code § 667(a). See id. Ex. 7 (ECF No. 15-1 at 38).

### C. Petitioner's Habeas Petitions

Contrary to petitioner's assertion in the petition before this court, wherein he wrote "N/A" to indicate that he has not filed any state habeas petitions (see Pet. at 6), he has in fact submitted multiple petitions in the state courts regarding his 2005 conviction.[2]

On July 13, 2010, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. See MTD Ex. 4 (ECF No. 15-1 at 31). While the claim(s) asserted in this petition are not clear, the petition was summarily denied on August 18, 2010, with citation to In re Clark 5. Cal. 4th 750 (1993), In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Dixon, 41 Cal. 2d 756 (1953). Id.

On January 10, 2017, petitioner filed a state habeas petition in the Solano County Superior Court claiming that a CMF counselor refused to permit petitioner to view or make photocopies of

////

---

[2] He has also filed a previous federal habeas petition in this court. On November 22, 2016, petitioner filed a petition for writ of habeas corpus challenging the validity of the conviction on the ground that he was not given a competency hearing during the related proceedings. See Mills v. California Medical Facility, 2:16-cv-2766-JAM-KJN. That petition was ultimately dismissed on June 29, 2017, for failure to exhaust available state remedies since petitioner's claims had not been presented to the California Supreme Court, and there was no allegation that state court remedies were no longer available to him. See id. (ECF Nos. 15-17).

his central file. See MTD Ex. C (ECF No. 15-1 at 26-27). This petition was denied on March 3, 2017, for failure to exhaust administrative remedies. Id.

On February 28, 2017, petitioner filed another state habeas petition in the Solano County Superior Court. See MTD Ex. C (ECF No. 15-1 at 24-25). There, he raised a claim that he was being illegally imprisoned because, even though he was not provided a mental health evaluation by a psychologist or a psychiatrist after the 2005 incident underlying his conviction, he was sent to a state prison rather than a state hospital. Id. This petition was denied as untimely on April 13, 2017. Id.

Petitioner then filed a state habeas petition on April 3, 2017, with the California Court of Appeal; this petition was filed during the pendency of his second habeas petition in the state superior court. MTD Ex. 3 (ECF No. 15-1 at 21). The nature of petitioner's claim in that petition is unclear. Petitioner's writ of habeas corpus was summarily denied on April 12, 2017. See id.

On May 3, 2017, petitioner filed a petition for writ of habeas with the California Supreme Court. MTD Exs. 2-3. In that petition, petitioner complained that he was not afforded an attorney for his competency hearing. Id. This petition was denied on July 12, 2017. Id.

## II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases calls for dismissal of a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. See Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. Picard v. Connor, 404 U.S. 270, 278 (1971); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).

For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas

corpus. See Carey v. Saffold, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. See 28 U.S.C. § 2254(b)(3); Picard, 404 U.S. at 275. If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred.

**III. Analysis**

By petitioner's own admission, he has not yet presented his claims to the state's highest court. He contends this is because of an institutional failure to respond to his administrative appeal, but the filing of an institutional administrative appeal is not a prerequisite to filing a state habeas petition challenging a conviction and/or sentence. Since petitioner concedes that his claims has not been presented to the California Supreme Court before initiating this action, and his assertion that state court remedies are not available to him is untenable, the petition should be dismissed without prejudice.

**IV. Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (EF No. 15) be granted, and petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

////

////

////

////

////

1 | These findings and recommendations will be submitted to the United States District Judge
2 | assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
3 | after being served with these findings and recommendations, petitioner may file written
4 | objections with the court. The document should be captioned "Objections to Findings and
5 | Recommendations." Petitioner is advised that failure to file objections within the specified
6 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
7 | (9th Cir. 1991).

Dated: October 2, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/mill0510.mtd.nooppo